IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY L. ADKINS,**

    **Plaintiff,**

    v.                                               CASE NO. 25-3088-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Wesley L. Adkins brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas and he seeks an extension of time in which to pay the filing fee for this matter. (Doc. 3.) The Court will grant the extension of time. In addition, the Court has conducted the statutorily required screening of the complaint and Plaintiff will be granted time in which to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff (1) fails to timely file an amended complaint that cures the deficiencies or (2) fails to either pay the filing fees in full or submit a motion to proceed in forma pauperis by the deadline set in this order, this matter will be dismissed without further prior notice to Plaintiff.

    **I. Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

1

deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## II. The Complaint

Liberally construing the pro se complaint, Plaintiff names as Defendants in this matter the State of Kansas; the Kansas Department of Corrections (KDOC); EDCF Classification Manager David S. Lewis; EDCF Lieutenant Cody W. Austin; EDCF Warden Tommy L. Williams; and Darcie Holthaus, KDOC Corrections Manager, Facility Management. (Doc. 1, p. 1-3.) As the

factual background for the complaint, Plaintiff alleges that on May 1, 2024, "KDOC officials" violated his rights under the Eighth Amendment to the United States Constitution by exhibiting deliberate indifference to the conditions of his confinement "under K.A.R. 44-14-307," which he alleges presented a known risk of serious harm. *Id.* at 2. He states that the living conditions "under" this Kansas administrative regulation "consist of 'limited contact, no yard, no phone calls, no personal property, no state hygiene, no paper, no writing utensils, no bible, etc." and that the administrative regulation was revoked in February 2002. *Id.* at 4-5.

Plaintiff alleges that on May 1, 2024, he appeared before the Restrictive Housing Review Board and asked to be "taken off of the living conditions, under K.A.R. 44-14-307.' [*sic*]" *Id.* at 5. Defendant Lewis allegedly "deliberately disregarded" this request, stating that Plaintiff's conditions of confinement would be reviewed weekly. *Id.* Plaintiff further alleges that Defendant Austin also "deliberately disregarded" Plaintiff's request that day, stating that it would be at least 4 months before he would even consider putting Plaintiff into a regular segregation cell. *Id.*

On May 4, 2024, Plaintiff submitted a Special Kind of Problem Grievance to Defendant Williams, asking "'to be taken off of the living conditions, under K.A.R. 44-14-307.'" *Id.* at 6. Five days later, Defendant Williams "deliberately disregarded" Plaintiff's request, stating that the topic of the grievance was not appropriately categorized as a special problem. *Id.* Plaintiff appealed to the Secretary of Corrections, but on May 29, 2024, Defendant Holthaus "deliberately disregarded [Plaintiff's] appeal," stating that his "'complaint was clearly about the classification decision making process, and that, the Kansas Administrative Regulations prohibits use of the grievance procedure to address this concern.' [*sic*]" *Id.*

As the sole Count in this Complaint, Plaintiff alleges that by the actions set forth above, Defendants Lewis, Austin, Williams, and Holthaus each violated his Eighth Amendment rights.

3

*Id.* at 4-6. As relief, Plaintiff seeks $1,000,000.00 in compensatory damages—$250,000.00 from each Defendant in his or her official capacity—or whatever this Court deems appropriate. *Id.* at 9.

### III. Discussion

#### A. Eleventh Amendment Immunity

> As previously explained to Plaintiff, the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. (Doc. 6, p. 3-4.) The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state." *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)); *see also Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Therefore, in the absence of special circumstances, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). . . .
>
> It is well-established that there are three exceptions to state immunity under the Eleventh Amendment: (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013). It [also] is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted).

*Adkins v. Kansas*, 2025 WL 436038, *2-3 (D. Kan. Feb. 7, 2025) (unpublished memorandum and order to show cause).

In the current case, Plaintiff does not allege that the State consented to Plaintiff bringing suit against the State or the KDOC. Moreover, as noted above, it is clear that Congress has not abrogated the State's Eleventh Amendment immunity through legislation. And Plaintiff seeks only

4

money damages in this suit. Thus, the KDOC and the State of Kansas are subject to dismissal as Defendants in this matter.

### B. Personal Participation

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This means that Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body of the complaint a description of the specific acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The complaint now before the Court fails to sufficiently allege the personal participation of Defendants Williams and Holthaus. Even liberally construing the complaint, the only factual allegations regarding Defendants Williams and Holthaus are that they denied a grievance and an appeal from that denial on the grounds that Plaintiff was not properly utilizing the grievance procedure. As Plaintiff is aware, "[t]he Tenth Circuit has long made clear that an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher*[ *v. Shelton*], 587 F.3d [1063,] 1069[ (10th Cir. 2009)]." *Adkins*, 2025 WL 436038 at *5. Plaintiff's characterization of Defendants

Williams and Holthaus' responses to his grievance as "deliberately disregarding" his complaints is the type of conclusory allegation that is insufficient to state a claim against them. *See Hall*, 935 F.2d at 1110. Thus, Plaintiff has failed to allege facts that show Defendants Williams and Holthaus sufficiently personally participated in a constitutional violation and Defendants Williams and Holthaus are subject to dismissal from this action.

### C. Insufficient Factual Allegations

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions may be "restrictive and even harsh," *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but "[u]nder the Eighth Amendment, [prison] officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001).

> An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist, and he [or she] must also draw the inference."

*Brooks v. Colorado Dept. of Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021) (citations omitted).

6

The sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2011) (citation omitted). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted).

Although Plaintiff refers to the conditions of confinement "under K.A.R. 44-14-307," he does not set forth factual allegations that clearly identify the living conditions to which he personally was subjected that he believes violated his constitutional rights. The complaint does not sufficiently identify circumstances, nature, and duration of specific conditions of confinement that deprived Plaintiff of the minimal civilized measure of life's necessities, nor does the complaint allege facts that, if taken as true, show that a named Defendant was aware of and disregarded a substantial risk that Plaintiff would be seriously harmed by these conditions. Thus, Plaintiff has failed to allege facts that state a plausible Eighth Amendment claim based on the conditions of his confinement.

### D.  Relief Requested

Finally, the Court notes that the factual allegations in the complaint do not support the award of compensatory damages, which is the only relief Plaintiff requests. The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42

U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878; *see also Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) (unpublished) ("Mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim [for compensatory damages] based on conditions of confinement.").

Moreover, "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). This is because "[t]he Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities." *See Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). Thus, Plaintiff's request for money damages from Defendants in their official capacities is subject to dismissal.

### IV. Amended Complaint Required

As explained above, the complaint now before the Court contains multiple deficiencies that leave it subject to dismissal in its entirety. Thus, Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon court-approved forms that cures these deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead, it completely replaces the original complaint.

Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint or the attachments thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3088-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. If Plaintiff does not file within the prescribed time an amended complaint that cures the deficiencies discussed herein, this matter may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for extension of time **(Doc. 3)** is **granted.** Plaintiff is granted to and including **July 7, 2025** in which to pay the $405.00 filing fee or submit a complete and proper motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **July 7, 2025** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated May 28, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE